**ORIGINAL**

ANNA Y. PARK, CA SBN 164242
AMRITA MALLIK, CA SBN 249152
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 E. Temple Street, 4th Floor
Los Angeles, California 90012
Telephone: (213) 894-1080
Facsimile: (213) 894-1301
E-mail: lado.legal@eeoc.gov

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
SEP 26 2012
at ___ o'clock and ___ min. ___ M.
SUE BEITIA, CLERK

Attorneys for Plaintiff EEOC

## UNITED STATES DISTRICT COURT
## DISTRICT OF HAWAI'I

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>PANDA EXPRESS, INC. and PANDA RESTAURANT GROUP, INC.; and DOES 1-15, INCLUSIVE;<br><br>Defendants. | CIVIL ACTION NO.<br>**CV12 00530 RLP**<br>**COMPLAINT**<br>• **CIVIL RIGHTS**<br>• **EMPLOYMENT DISCRIMINATION**<br>**(42 U.S.C. §§ 2000e, et seq.)**<br>**JURY TRIAL DEMAND** |

### NATURE OF THE ACTION

EEOC brings this action against Defendants Panda Express and Panda Restaurant Group under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991. EEOC brings this action to correct Defendants' unlawful sex discrimination and retaliation, and to provide appropriate relief to Charging Party Shaleah Rodero-Workman and a class of other similarly situated individuals whom Defendants harmed by the unlawful practices (collectively the "Claimants").

As EEOC alleges with greater particularity in paragraphs 18 through 20 herein, Defendants Panda Express, Inc., Panda Restaurant Group, Inc., and Does 1 through 15 ("Defendant Employers") engaged in unlawful discrimination by subjecting the Claimants to unwelcome physical and verbal sexual conduct that was sufficiently severe and pervasive to adversely affect the terms and conditions of their employment and create a hostile work environment. EEOC further alleges that Defendant Employers subjected Claimants to unlawful retaliation by reducing Claimants' work hours and subjecting them to unfavorable terms and conditions of employment because the Claimants opposed the hostile work environment. EEOC also alleges that Defendants' unlawful harassment and retaliation rendered Claimants' working conditions so intolerable that Claimants were forced to resign from their positions, resulting in the constructive discharge of the Claimants.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.  The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Hawaii.

## PARTIES

3.  Plaintiff, the Equal Employment Opportunity Commission ( "the Commission" or "EEOC"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is

expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Panda Restaurant Group, Inc. ("Panda Restaurant Group") has continuously been a California corporation doing business in the State of Hawaii and has continuously had at least 15 employees.

5. At all relevant times, Defendant Panda Restaurant Group, Inc. has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

6. At all relevant times, Defendant Panda Express, Inc. ("Panda Express") has continuously been a foreign corporation registered to do business in the State of Hawaii and has continuously had at least 15 employees

7. At all relevant times, Defendant Panda Express, Inc. has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

8. At all relevant times, Defendant Panda Express, Inc. has continuously been under a wholly owned subsidiary of its parent corporation, Defendant Panda Restaurant Group, Inc. Defendant employers have continuously been acting as joint employers and an integrated enterprise, with both Defendants controlling the terms and conditions of the employment of the Claimants.

    a) Defendants share common financial control. Defendant Panda Express, a foreign corporation registered to do business in Hawaii, has been identified as a wholly owned subsidiary of its parent corporation, Defendant Panda Restaurant Group, a California Corporation.

    b) Defendants share centralized control over labor relations and interrelated operations.

(i) Defendant Panda Express was identified as the employer on the face of the charge of discrimination ("charge") filed with the Commission by Ms. Rodero-Workman.

(ii) Representatives from Defendant Panda Restaurant Group, including the Human Resources Manager and Senior Vice President and General Counsel, participated in the EEOC investigation of Ms. Rodero-Workman's charge, responding on behalf of Panda Express. Representatives for both Defendant Employers, including the Senior Vice President and General Counsel and the Field Human Resources Director for Panda Restaurant Group and the outide counsel retained by Panda Express, jointly participated in the EEOC's conciliation of Ms. Rodero-Workman's charge.

c) Defendant Panda Express, Inc. owns and operates the Panda Express restaurant facility located in Kapaa, Kauai County, Hawaii. Defendant Panda Express is responsible for administering the day to day operations for the Hawaii Panda Express restaurant locations, including the Kapaa, Kauai location. These responsibilities include setting employee schedules, work assignments and work hours, and generally controlling the working conditions of employees at the Hawaii Panda Express restaurant locations.

d) Defendant Panda Restaurant Group is responsible for operating all Panda Express restaurants nationwide. These responsibilities include developing and administering the employee handbook and establishing all employee policies and procedures, including all equal employment opportunity policies and procedures.

e) Defendants share common management. Defendants shared responsibility for the hiring and firing of employees, disciplining

4

employees, promoting employees, receiving and responding to employee complaints of discrimination and administering equal employment opportunity training, including training regarding sexual harassment.

f) Defendants share the same mailing address at 1683 Walnut Grove Avenue, Rosemead, California 91770.

g) Defendants share the same website, administered by parent corporation Panda Restaurant Group.

h) As alleged in greater detail in paragraph 8(a) – (g), Defendants shared common general control over the terms and conditions of employment of the Claimants.

9. EEOC asserts a right to relief jointly, severally, or out of the same transaction or series of transactions against Defendants Panda Restaurant Group and Panda Express. Additionally, questions of law or fact common to all Defendants will arise in this action. Joint Employers are named as parties pursuant to Rule 20(a)(2) of the Federal Rules of Civil Procedure in that Defendants at all relevant times, acted as joint employers with regard to the relevant Claimants.

10. Defendants Panda Restaurant Group and Panda Express are named as necessary parties to this action because either party's absence would deprive the court of the ability to grant the complete relief sought by the EEOC. As such, Defendants are named as parties pursuant to Rule 19(a)(1)(A) of the Federal Rules of Civil Procedure

11. Plaintiff is ignorant of the true names and capacities of each Defendant sued as DOES 1 through 15, inclusively, and therefore Plaintiff sues said defendants by fictitious names. Plaintiff reserves the right to amend the complaint to name each DOE Defendant individually or collectively as they become known. Plaintiff alleges that each DOE defendant was in some manner

responsible for the acts and omissions alleged herein and Plaintiff will amend the complaint to allege such responsibility when the same shall have been ascertained by Plaintiff.

12. All of the acts and failures to act alleged herein were duly performed by and attributable to each DOE, each acting as a successor, agent, alter ego, employee, indirect employer, joint employer, integrated enterprise, and/or under the direction and control of the another DOE and/or named Defendant, except as specifically alleged otherwise. Said acts and failures to act were within the scope of such agency and/or employment, and each DOE participated in, approved and/or ratified the unlawful acts and omissions by another DOE or Defendants complained of herein. Whenever and wherever reference is made in this Complaint to any act by a DOE or DOES, such allegations and reference shall also be deemed to mean the acts and failures to act of each DOE and named Defendants acting individually, jointly, and/or severally.

## CONDITIONS PRECEDENT

13. More than thirty days prior to the institution of this lawsuit, Shaleah Rodero-Workman filed a charge with the EEOC alleging that she and a class of female employees were victims of violations of Title VII by the Panda Express in Kapaa, Kauai County, Hawaii.

14. The Commission investigated the charge against Panda Express. The Charge was served upon Defendant Panda Express. Defendants participated in the investigation by responding with a position statement, providing responses to the Commission's requests for information and providing information to support their claims.

15. The Commission issued a Letter of Determination finding that Panda Express, Inc. subjected Charging Party and a class of other similarly situated female employees to a sexually hostile work environment, adverse terms and

conditions of employment on the basis of their sex, female, and constructive discharge in violation of Title VII. The EEOC further determined that Defendant Employers subjected the Charging Party and similarly situated class members to adverse terms and conditions of employment and constructive discharge in retaliation for engaging in a protected activity.

16. Prior to instituting this lawsuit, the EEOC attempted to eliminate the unlawful employment practices herein alleged and to effect voluntary compliance with Title VII through informal methods of conciliation, conference, and persuasion within the meaning of Section 706(b) of Title VII, 42 U.S.C. § 2000e-5(b). Over a five month period, the Commission engaged in good faith attempts at conciliation, including several rounds of negotiation and an in-person conciliation conference with representatives for both Defendant Employers. The parties' conciliation efforts proved unsuccessful.

17. As detailed in paragraphs 13 through 16, all conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

18. Since at least about June 2008, Defendant Employers have engaged in unlawful employment practices at their Kapaa, Hawaii location in violation of Sections 703 and 704 of Title VII, 42 U.S.C. §§ 2000e-2 and 2000e-3, as set forth below.

### Count 1: Sexual Harassment

19. Defendant Employers violated Section 703 of Title VII when they subjected Charging Party and a class of other similarly situated female employees, all young women eighteen years old and younger, to unwelcome sexual conduct by Defendants' male employees, including Defendants' supervisor Albert Ballesteros at the Kapaa, Hawaii location. The sexual conduct was sufficiently

severe or pervasive to adversely affect the terms and conditions of their employment and create a hostile, abusive work environment.

  a) The sexual harassment includes, but is not limited to, frequent sexually inappropriate comments made by supervisor Ballesteros such as asking female employees to take off their shirts so he could see their breasts, asking female employees to hold his penis, telling female employees to wear more sexually revealing clothing, telling female employees they looked sexy and propositioning female employees for dates and to participate in sexual activity with him. At least one other male coworker would also leer at the young women, making them feel uncomfortable, and both supervisor Ballesteros and this male coworker would comment on female employees and female customers body parts and speculating about their sexual activities in conversation with other male employees The sexual harassment also includes frequent and severe inappropriate physical contact, including without limitation supervisor Ballesteros mimicking sexual activity with vegetables, slapping female employees on the butt, grabbing female employees from behind, rubbing against a female employee's breasts, rubbing his crotch against the young women from behind, and thrusting a broom handle between a female employee's legs in a sexually suggestive manner.

  b) The sexual harassment was unwelcome. Charging Party and other female employees were offended by the supervisor Ballesteros' and male coworker employees' sexually offensive and egregious conduct. The female employees tried to avoid the harassers, ignore them and/or rebuff the repeated sexual conduct and overtures to no avail. As described below, female employees also repeatedly complained about the sexual harassment to management officials of

the Defendant Employers, including the General Manager Hannah Huang of the Kapaa facility and the Multi-Unit Manager Aaron Wu in Oahu, in an effort to stop the unwelcome conduct.

c)  The sexual harassment was sufficiently severe and pervasive to create a hostile work environment. The sexual conduct described in Paragraph 18(a) was pervasive in the workplace as it occurred on a daily basis. The sexual conduct was severe as it included sexual advances, demands for sexual favors, graphic sexual comments, and highly offensive physical touching of a sexual nature.

d)  Defendant Employers are liable for the hostile work environment created by the harassing officials in each's capacity as supervisor and/or coworker employee.

   i. Defendants are liable for a hostile work environment created by the harassing official Ballesteros in his capacity as a supervisor. Charging Party Rodero-Workman and other female employees took reasonable steps to stop the sexual harassment when they complained to management officials of the Defendant Employers. The claimants collectively complained to Defendants' management officials over twelve times. However, Defendant Employers failed to take reasonable steps to prevent and correct the harassment, but instead engaged in tangible employment actions of reducing the female employees' hours, giving them less favorable working conditions, and/or causing their constructive discharge arising out of acts to constitute a tangible employment action.

   ii. Defendant Employers are liable for a hostile work environment created by the Claimant's male coworkers, because knew or should have known of the harassment because General Manager Huang witnessed the harassment on at least one occasion,

and Charging Party and other female employees complained directly to management on multiple occasions. But despite such explicit notice, Defendants failed to take effective, remedial action. EEOC incorporates by reference the facts set forth above in paragraph 19.

Count 2: Retaliation

20.   Defendant Employers violated Section 704 of Title VII when they subjected Charging Party and other female employees to unlawful retaliation for complaining of the hostile work environment.

a)  Charging Party and other female employees engaged in a protected activity when each opposed the unlawful sexual harassment by complaining about it to the Defendant Employers' management officials and requesting that they take action to stop it.  b) Defendant Employers subjected Charging Party and other female employees to an adverse employment action when they reduced the female employees' work hours, gave them less favorable working conditions that interfered with at least the Charging Party's ability to perform the basic functions of her job, and harassed them at work to the point of making the workplace too intolerable to work.

c)  Defendant Employers constructively discharged Charging Party's employment in retaliation for engaging in a protected activity. The officials who were engaged in her constructive discharge knew of her complaints regarding the sexual harassment. After complaining of the harassment to Defendants' management, Charging Party was subjected to significantly reduced work hours, less favorable work conditions such as being prohibited from using equipment necessary to perform her work functions and continued sexual harassment, which all created working conditions too intolerable for the Charging Party or any reasonable person in her situation to continue working.

### Effects of Unlawful Employment Practices

21. The effect of the practices complained of, as described above, has been to deprive Charging Party and a class of similarly situated employees of equal employment opportunities and otherwise adversely affect their status as employees, because of their sex, female.

22. The effect of the practices complained of, as described above, has been to deprive Charging Party and a class of similarly situated employees of equal employment opportunities and otherwise adversely affect their status as employees because of the their protected activity.

23. The unlawful employment practices complained of in paragraphs 18 through 20 above were intentional.

24. The unlawful employment practices complained of in paragraphs 18 through 20 above were done with malice or with reckless indifference to the federally protected rights of Charging Party and the Claimants

25. As a direct and proximate result of the acts of Defendant Employers, as described above, Charging Party and the class of similarly situated employees have suffered pain and suffering, inconvenience, loss of enjoyment of life, humiliation and damages, all to be proven at trial.

### **PRAYER FOR RELIEF**

Based on all the foregoing, EEOC respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employers, their respective officers, assigns, agents, alter ego, joint employer, integrated enterprise, successors, and all persons in active concert or participation with them, from engaging in any employment practices, which discriminate on the basis of sex and retaliation;

B. Order Defendant Employers to institute and carry out policies, practices, and programs which provide equal employment opportunities, and which eradicate the effects of its past and present unlawful employment practices;

C. Order Defendant Employers to make the Claimants whole by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful-place reinstatement or front pay.

D. Order Defendant Employers to make the Claimants whole by providing the appropriate past and future pecuniary losses, and/or other affirmative relief necessary to eradicate the effects of Defendants' unlawful employment practices;

E. Order Defendant Employers to make the Claimants whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained as described above, including, but not limited to pain and suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial;

F. Order Defendants to pay the Claimants punitive damages for its malicious and /or reckless conduct as described above in paragraphs 18 through 20, in amounts to be determined at trial;

G. Grant such further relief as the Court deems necessary and proper in the public interest; and

H. Award the Commission its costs of this action.

//
//
//

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated: 9/24/12

Respectfully Submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 M Street, NE
Washington, DC 20507

By: _____
ANNA Y. PARK
Regional Attorney

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Los Angeles District Office
(213) 894-1080