CASE LOMBARDI & PETTIT
A Law Corporation
LISSA H. ANDREWS     3390-0
737 Bishop Street, Suite 2600
Pacific Guardian Center – Mauka Tower
Honolulu, Hawaii 96813
Telephone: (808) 547-5400
Facsimile:  (808) 523-1888
E-mail: landrews@caselombardi.com

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
STEVEN W. MOORE  SBN 23320
1700 Lincoln Street, Suite 4650
Denver, Colorado  80203
Telephone:  (303) 764-6800
Facsimile:   (303) 831-9246
E-mail: steve.moore@ogletreedeakins.com

Attorneys for Defendants
PANDA EXPRESS, INC. and PANDA
RESTAURANT GROUP, INC.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>PANDA EXPRESS, INC. and PANDA RESTAURANT GROUP, INC.; and DOES 1-15, INCLUSIVE,<br><br>Defendants. | CIVIL NO. CV12-00530 SOM-RLP<br><br>DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT |

Defendants, by and through their counsel of record, hereby submit their Answer to Plaintiff's Complaint and state the following:

## NATURE OF THE ACTION

In response to the allegations contained in the paragraph entitled "Nature of the Action," Defendants admit that Plaintiff's Complaint asserts claims under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, but deny that Plaintiff's claims have any merit or that Plaintiff is entitled to the relief it seeks or to any relief whatsoever.  Defendants deny the allegations, except those expressly admitted herein.

## JURISDICTION AND VENUE

1.      Defendants admit that jurisdiction is proper but deny the remaining allegations in paragraph 1 of the Complaint.

2.      Defendants admit that venue is proper but deny the remaining allegations in paragraph 2 of the Complaint.

## PARTIES

3.      Defendants admit that the Equal Employment Opportunity Commission ("EEOC") is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly

authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C.

§§ 2000e-5(f)(1) and (3).

4.      Defendants admit the allegations in paragraph 4 of the Complaint.

5.      Defendants admit the allegations in paragraph 5 of the Complaint.

6.      Defendants admit the allegations in paragraph 6 of the Complaint.

7.      Defendants admit the allegations in paragraph 7 of the Complaint.

8.      Defendants deny the allegations in paragraph 8 of the Complaint.

9.      Defendants deny the allegations in paragraph 9 of the Complaint.

10.     Defendants deny the allegations in paragraph 10 of the Complaint.

11.     Defendants deny the allegations in paragraph 11 of the Complaint.

12.     Defendants deny the allegations in paragraph 12 of the Complaint.

13.     Defendants admit the allegations in paragraph 13 of the Complaint but deny any violations of Title VII occurred.

14.     Defendants admit the allegations in paragraph 14 of the Complaint but deny the validity of the EEOC's claims.

15.     In response to paragraph 15 of the Complaint, Defendants state that the EEOC did issue a Letter of Determination and that said document speaks for

itself. To the extent any further answer is required, the Defendants deny any additional allegations.

16. Defendants deny the allegations in paragraph 16 of the Complaint.

17. Defendants deny the allegations in paragraph 17 of the Complaint.

18. Defendants deny the allegations in paragraph 18 of the Complaint.

19. Defendants deny the allegations in paragraph 19 of the Complaint.

20. Defendants deny the allegations in paragraph 20 of the Complaint.

21. Defendants deny the allegations in paragraph 21 of the Complaint.

22. Defendants deny the allegations in paragraph 22 of the Complaint.

23. Defendants deny the allegations in paragraph 23 of the Complaint.

24. Defendants deny the allegations in paragraph 24 of the Complaint.

25. Defendants deny the allegations in paragraph 25 of the Complaint.

26. In response to Plaintiff's "Prayer for Relief" section immediately following paragraph 25 of the Complaint, Defendants deny that Plaintiff is entitled to the relief requested or to any relief whatsoever.

27. Defendants expressly deny each and every allegation not specifically admitted herein.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The EEOC has failed to state any claims upon which relief may be granted.

### SECOND DEFENSE

The EEOC's claims on behalf of some or all the claimants for whom it seeks relief are barred in whole or in part by the applicable statute of limitations.

### THIRD DEFENSE

Upon information and belief, the claimants for whom the EEOC seeks relief have and continue to have the opportunity to mitigate the damages alleged, but they have failed and refused to do so.

### FOURTH DEFENSE

At all times, Defendants' actions were lawful, justified and made in good faith.

### FIFTH DEFENSE

Some or all of EEOC's claims cannot be litigated because they are beyond the scope of the administrative charge, were not subject to administrative investigatory or conciliation processes, and were not included in any determination by the Equal Employment Opportunity Commission.

## SIXTH DEFENSE

Some or all of Plaintiff's claims are barred by the doctrine of laches, waiver, and estoppel.

## SEVENTH DEFENSE

To the extent that Defendants discover during the course of this action that any of the claimants for whom the EEOC seeks relief engaged in any conduct which would have warranted discharge under Company policy, the EEOC's right to recover damages on that claimant's behalf beyond the date of discovery will be cut off and said claimant will be prevented from obtaining reinstatement of employment under the after-acquired evidence defense.

## EIGHTH DEFENSE

The EEOC's claims, to the extent they state a claim, are subject to any applicable damages caps or limitations.

## NINTH DEFENSE

The EEOC's claims are not actionable because the challenged employment practices are justified by legitimate non-discriminatory, and non-pretextual business reasons unrelated to sex or other impermissible factors.

## TENTH DEFENSE

The EEOC's claims may be barred because the employer promulgated and enforced its anti-harassment policy and the claimants for whom the EEOC seeks

relief failed to utilize this policy.

## ELEVENTH DEFENSE

Although Defendants deny that any claimant for whom the EEOC seeks relief was exposed to a hostile work environment, Defendants exercised reasonable care to prevent and correct promptly any sexually harassing behavior and said claimants unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendants or to otherwise avoid harm.

## TWELFTH DEFENSE

Defendants did not act with malice or reckless indifference to Plaintiff's federally protected rights within the meaning of Section 102(b)(1) of the Civil Rights Act of 1991.

## THIRTEENTH DEFENSE

Defendants cannot be vicariously liable for punitive damages in light of their good faith efforts to comply with the anti-discrimination statutes at issue in this case. *See Koldstad v. American Dental Ass'n*, 527 U.S. 526 (1999).

WHEREFORE, Defendants pray that this Honorable Court dismiss the Complaint with Prejudice and award them the costs, expenses and attorney's fees they have incurred in responding to it.

DATED:  Denver, Colorado, February 1, 2013.

/s/ Steven W. Moore
STEVEN W. MOORE


/s/ Lissa H. Andrews
LISSA H. ANDREWS

Attorneys for Defendants
PANDA EXPRESS, INC. and
PANDA RESTAURANT GROUP, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CIVIL NO. CV12-00530 SOM-RLP |
| Plaintiff, | ) ) ) | CERTIFICATE OF SERVICE RE: DEFENDANTS ANSWER TO COMPLAINT |
| vs. | ) ) | |
| PANDA EXPRESS, INC. and PANDA RESTAURANT GROUP, INC.; and DOES 1-15, INCLUSIVE, | ) ) ) ) | |
| Defendants. | ) ) ) | |

CERTIFICATE OF SERVICE RE:

I hereby certify that a copy of the DEFENDANTS' ANSWER TO COMPLAINT was duly served upon the following parties at their last known addresses on the date stated below, through the U.S. District Court's electronic service (ECF), unless other method of service is noted, addressed as follows:

ANNA Y. PARK, ESQ.
AMIRITA MALLIK, ESQ.
U.S. Equal Employment Opportunity Commission
255 E. Temple Street, 4th Floor
Los Angeles, CA  90012
Lado.legal@eeoc.gov
Amrita.mallik@eeoc.gov

Attorneys for Plaintiff EEOC

DATED:  Denver, Colorado, February 1, 2013.

/s/ Steven W. Moore
STEVEN W. MOORE


/s/ Lissa H. Andrews
LISSA H. ANDREWS

Attorneys for Defendants
PANDA EXPRESS, INC. and
PANDA RESTAURANT GROUP, INC.


14235256.2 (OGLETREE)