FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 3 0 2013

at____ o'clock and ____ min. ___ M.
SUE BEITIA, CLERK

Anna Y. Park, CA SBN 164242
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA  90012
Telephone:  (213) 894-1091
Facsimile:  (213) 894-1301
Email: lado.legal@eeoc.gov

Amrita Mallik, CA SBN 249152
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
300 Ala Moana Boulevard, Seventh Floor
Honolulu, HI 96850
Telephone: (213)541-3133
Facsimile: (213) 541-3390
Email: amrita.mallik@eeoc.gov
Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

Lissa H. Andrews, 3390-0
CASE LOMBARDI & PETTIT
737 Bishop Street, Suite 2600
Pacific Guardian Center – Mauka Tower
Honolulu, Hawaii 96813
Telephone: (808) 547-5400
Facsimile:  (808) 523-1888
E-mail: landrews@caselombardi.com

Steven W. Moore, CO SBN 23320
OGLETREE DEAKINS NASH SMOAK & STEWART, P.C.
1700 Lincoln Street, Suite 4650
Denver, CO 80203
Telephone: 303-764-6801
Facsimile: 303-831-9246
E-mail: steven.moore@ogletreedeakins.com
Attorneys for Defendants Panda Express, Inc.
and Panda Restaurant Group, Inc.

-1-

UNITED STATES DISTRICT COURT
DISTRICT OF HAWAI'I

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) Case No. 1:12-cv-00530-SOM-RLP<br>)<br>) |
| Plaintiff, | ) **CONSENT DECREE AND**<br>) **[PROPOSED] ORDER** |
| v. | )<br>) |
| PANDA EXPRESS, INC. and PANDA RESTAURANT GROUP, INC.; and DOES 1-15, INCLUSIVE; | )<br>)<br>)<br>) |
| Defendants. | ) |

## I.    INTRODUCTION

Plaintiff the U.S. Equal Employment Opportunity Commission ("EEOC")

and Defendants Panda Express, Inc. and Panda Restaurant Group, Inc.

("Defendants" or "Panda Express") hereby stipulate and agree to entry of this

consent decree and order ("Decree") to resolve the EEOC's complaint in U.S.

Equal Employment Opportunity Commission v. Panda Express, Inc. and Panda

Restaurant Group, Inc., 12-CV-00530 (the "Action").

The EEOC brought this Action pursuant to Title VII of the Civil Rights Act

of 1964, as amended ("Title VII").  In this Action, the EEOC alleged that

Defendants discriminated against Charging Party Shaleah Rodero-Workman

("Charging Party"), claimants Jenna Soares and Muilan Cardenas ("Claimants"),

and a putative class of other female employees by subjecting them to sexual

harassment and retaliation for complaining of the harassment.  Defendants deny

any violation of the applicable laws and state that they did not discriminate against

Charging Party or a class of other female employees, nor did they subject them to

sexual harassment or retaliation.

## II.    PURPOSES AND SCOPE

A.    This Decree is entered into by the EEOC and Defendants

(collectively, the "Parties").

B.    The Parties have entered into this Decree in order to:

1.    provide appropriate monetary and injunctive relief;

2.    ensure Defendants' employment practices comply with Title

VII;

3.    ensure that Defendants' managers, supervisors, and employees

specified below receive training on their obligations under Title

VII;

4.    ensure a work environment free from sexual harassment and

retaliation;

5.    provide an appropriate and effective mechanism for handling

discrimination complaints in the workplace;

6.    avoid the time, expense, and uncertainty of further litigation.

C.    Any provision intended to bind Defendants also binds Defendants' owners, officers, directors, agents, successors, and assigns.

D.    Except where otherwise specified, the scope of this Decree shall apply to Defendants' operations at the Kapa'a facility in the State of Hawaii.  However, the injunctive relief in this Decree regarding revision and redistribution of its employee handbook will be implemented by Defendants on a company-wide basis. The injunctive relief in this Decree regarding training will be implemented by Defendants Hawaii wide for managerial and human resources employees with immediate supervisory authority over the Defendants' facilities in Hawaii.  For purposes of this Decree, managers and human resources employees who have immediate supervisory authority over facilities in Hawaii include the General Managers, the Area Coaches of Operations for facilities in Hawaii, the Regional Director of Operations for facilities in Hawaii, and the Executive Director of Human Resources for facilities in Hawaii.

E.    This Decree does not constitute an adjudication on the merits of the EEOC's case, and it shall not be construed as an admission by Defendants of any discriminatory, harassing, or retaliatory conduct.

For the purpose of amicably resolving disputed claims, the Parties jointly request this Court to adjudge as follows:

### III.   RELEASE OF CLAIMS

A.   This Decree fully and completely resolves all issues, claims, and allegations that were asserted or could have been asserted in the above-referenced Action filed by the EEOC as well as all issues, claims and allegations asserted or that could have been asserted by Shaleah Rodero-Workman, Jenna Soares, and Muilan Cardenas.

B.   Nothing in this Decree precludes the EEOC from moving to enforce this Decree if Defendants fail to perform the promises contained herein.

C.   Nothing in this Decree limits Defendants' obligation to comply with Title VII or any other federal law.

D.   This Decree does not affect the EEOC's right to bring, process, investigate, or litigate other charges that may be in existence or may later arise against Defendants.  However, the EEOC agrees not to use any closed, dismissed, pending or future charge as a basis to commence a civil action regarding allegations that Defendants have engaged in sex discrimination, sexual harassment and/or retaliation in the State of Hawaii where the alleged discriminatory conduct occurred prior to the effective date of the instant Decree and is within the scope of this decree.

## IV.  JURISDICTION

A.    The Court has jurisdiction over the Parties and the subject matter of this Action.  The complaint in this Action asserts claims that, if proven, would authorize the Court to grant the injunctive relief set forth in this Decree.

B.    The terms and provisions of this Decree are fair, reasonable, and just.

C.    This Decree conforms with the Federal Rules of Civil Procedure and Title VII.

D.    This Decree does not derogate the rights or privileges of any person.

E.    The Court retains jurisdiction over this Action during the duration of the Decree and may enter any order, judgment, or decree necessary to implement the relief provided herein.

## V.    EFFECTIVE DATE AND DURATION

The agreements contained herein are effective immediately upon the date this Decree is entered by the Court ("Effective Date") and remain effective for two years thereafter.

## VI.   MODIFICATION AND SEVERABILITY

A.    This Decree constitutes the complete understanding of the Parties with respect to the matters contained herein.

B.    This Decree may be amended by mutual agreement.

C.     No waiver or amendment of any provision of this Decree will be effective unless in writing and signed by an authorized representative of each Party.

D.     If one or more of the provisions of this Decree is rendered unenforceable, the Parties will make good faith efforts to agree upon appropriate amendments in order to effectuate the purposes of the Decree. In any event, the remaining provisions will remain in effect.

## VII.  COMPLIANCE AND RESOLUTION

A.     If the EEOC has reason to believe that Defendants have failed to comply with any provision of this Decree, the EEOC may file a motion before this Court to enforce the Decree. Prior to initiating such action, the EEOC will notify Defendants in writing of the nature of the dispute.

B.     The Parties agree to cooperate with each other and use their best efforts to resolve any dispute referenced in the EEOC's notice.

C.     Unless the EEOC believes that delay will cause irreparable harm, Defendants will have thirty (30) days from the date of receipt of the written notice to attempt to resolve the putative breach. If those thirty (30) days pass without resolution, the EEOC may petition this Court for all available relief, including an extension of the term of the Decree and costs incurred in securing compliance with the Decree.

## VIII. MONETARY AND VICTIM-SPECIFIC RELIEF

A.      Defendants will pay a total of $150,000.00, to be distributed, at the sole discretion of the EEOC, between Charging Party Shaleah Rodero-Workman and claimants Jenna Soares and Muilan Cardenas.

B.      The EEOC will provide a list identifying the Charging Party and Claimants, their current addresses, the amounts to be paid to each, the classification of such amounts to be paid and relevant identifying information (hereafter "Distribution List") within thirty (30) days of the Effective Date.  Within thirty (30) days of receiving the Distribution List, the Defendants shall send checks to the Charging Party and each Claimant via certified mail, return receipt requested, cashier checks or money orders.

C.      As appropriate, Defendants agree to issue an IRS Form W-2 to the Charging Party and Claimants for all monies, if any, paid to them as lost wages. As appropriate, Defendants agrees to issue an IRS Form 1099 to the Charging Party and Claimants for all monies, if any, paid to them as compensatory damages. Defendants shall also make all appropriate reports to the Internal Revenue Service and other tax authorities.  Defendants shall be solely responsible for any costs associated with the issuance and distribution of tax reporting forms to the Charging Party and Claimants.

D.     Within fifteen (15) business days of the issuance of each settlement check, Defendants will provide a copy of each check and related correspondence to Anna Y. Park, Regional Attorney, U.S. Equal Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles, CA 90012.

E.     Defendants and Charging Party and each Claimant have entered into a separate and independent release agreement, to which the EEOC is not a party.  Defendant will pay up to $250.00 per hour for private counsel to review and advise Charging Party and each Claimant for one hour each regarding the separate agreement.  The separate agreement is not a condition precedent to the entry of this Decree.

## IX.   GENERAL INJUNCTIVE RELIEF

A.     <u>Discrimination Because of Sex.</u>  Defendants, their owners, directors, officers, agents, management (including all supervisory employees), successors, assigns, and all those in active concert or participation with or any of them, hereby agree not to:

1.     discriminate against or harass persons on the basis of sex;

2.     engage in or be a party to any action, policy, or practice that discriminates against any employee because of sex;

3.     engage in or tolerate sexual harassment; or

4.     create, facilitate, or permit a hostile work environment.

B.   Retaliation.   Defendants, their directors, officers, agents, management (including all supervisory employees), successors, assigns, and all those in active concert or participation with any of them, hereby agree not to engage in, implement, or permit any action, policy, or practice that retaliates against any current or former employee or applicant because he or she has in the past, or during the term of this Decree:

1.   opposed any practice that he or she believed to be sexual harassment, discrimination, or retaliation;

2.   filed a charge with the EEOC;

3.   testified or participated in any manner in any investigation or proceeding related to this case or any claim of a Title VII violation;

4.   was identified as a possible witness or claimant in this Action;

5.   asserted any rights under this Decree; or

6.   sought and/or received any relief in accordance with this Decree.

## X.   SPECIFIC INJUNCTIVE RELIEF

A.   Sexual Harassment Policy

1.   Within forty-five (45) days of the Effective Date, Defendants shall review and, if necessary, revise their written employment policy against, and

complaint procedure for, sex-based discrimination, sexual harassment, and retaliation. The policy and complaint procedure shall include:

        a.     a clear explanation of prohibited conduct regarding sex-based discrimination, harassment, and retaliation;

        b.     an assurance that employees who make complaints of sex-based discrimination and harassment or provide information related to such complaints will be protected from retaliation;

        c.     a clearly described complaint process for sex-based discrimination, harassment, and retaliation that provides accessible avenues of complaint against co-workers, including the complainant's supervisors, that allows for complaints to be initiated verbally, although it may require that the substance of the complaint be recorded later in writing;

        d.     an assurance that Panda Express will protect the confidentiality of discrimination complaints to the extent possible from being disclosed to those who do not need to know;

        e.     a complaint process that provides a prompt, thorough, and impartial investigation;

        f.     a requirement that any General Manager, Area Coach of Operations, or Regional Director of Operations who receives a complaint of harassment, whether formal or informal, written or verbal, report such complaint to

the human resources department within seventy two (72) hours of receiving said complaint;

g.    an assurance that Panda Express' disciplinary policies hold employees, managers, supervisors and human resources accountable for failing to take appropriate action or for engaging in conduct prohibited under this Decree;

h.    a procedure for communicating with the complainant regarding the status of the complaint / investigation, results of the investigation, and if any remedial action was taken, subject to applicable confidentiality laws and obligations; and

i.    an assurance that Panda Express will take prompt and appropriate corrective action when it determines that sex-based discrimination, harassment or any subsequent retaliation has occurred.

B.    <u>Distribution of Defendants' Policies Against and Complaint Procedures for Sex Based Discrimination and Retaliation</u>

1.    Within sixty (60) days of the Effective Date, Defendants shall post for the duration of the Decree at the Kapa'a, Hawaii facility a full-sized copy of its policy against and complaint procedure for sex-based discrimination, harassment, and retaliation. The posting shall be in a clearly visible location frequented by employees (i.e. break rooms or bulletin boards with other employee notices) at its facility in Kapa'a, Hawaii during the term of the Decree.

2.     By September 30, 2013, Defendants shall distribute its revised employee handbook (which will contain their policy against and complaint procedure for sex-based discrimination, harassment, and retaliation), to all of its then current employees company-wide.

3.     For the remainder of the term of this Decree, Defendants shall distribute a copy of its policy against and complaint procedure for sex-based discrimination, harassment, and retaliation to all employees at its Kapa'a, Hawaii facility on an annual basis.

4.     For the remainder of the term of this Decree, all new employees hired at Defendants' Kapa'a, Hawaii facility or hired into a position with immediate supervisory authority over such facility, specifically in the General Manager position, shall receive, within thirty (30) days of hire, Defendants' policy against and complaint procedure for sex-based discrimination, harassment, and retaliation; and shall be provided with an in-person or video and/or emodule overview of the policy and procedures.

5.     For the remainder of the term of this Decree, all employees promoted from non-managerial to managerial positions in Defendants' Kapa'a, Hawaii facility or promoted to a position with immediate supervisory authority over such facility, specifically in the General Manager position, shall receive, within thirty (30) days of promotion, any policies and procedures of Defendants'

against and about sex-based discrimination, harassment, and retaliation applicable to managerial employees; and shall be provided with an in-person or video and/or emodule overview of the policy and procedures.  Should a video or emodule overview be used, Defendants will also provide the trainee with contact information of Defendants' Equal Employment Opportunity Coordinator should the trainee have any questions or wish to seek further information regarding the policy and procedures.

    C.   <u>Training</u>

       1.   Within one hundred twenty (120) days after the Effective Date, the Defendants shall provide live, in-person training(s) of at least 2 hours in duration about its policy against and complaint procedure for sex-based discrimination, harassment, and retaliation to its managerial and human resources employees with immediate supervisory authority over any and all restaurants in Hawaii, specifically General Managers, the Area Coaches of Operations for facilities in Hawaii, the Regional Director of Operations for facilities in Hawaii, and the Executive Director of Human Resources for facilities in Hawaii.

       2.   Within one hundred twenty (120) days after the Effective Date, the Defendants shall provide a separate training of at least 1 hour in duration for its non-managerial staff/hourly employees who work in Kapa'a, Hawaii facility

regarding Defendants' policy against and complaint procedure for sex-based discrimination, harassment, and retaliation.

3.     Within one hundred twenty (120) days after the Effective Date, the Defendants shall require their General Managers who have immediate responsibility over other restaurants in Hawaii, to provide informal briefings for a minimum of thirty (30) minutes, including time allotted for questions and answers, to their non-managerial staff/hourly employees who work in Hawaii regarding Defendants' policy against and complaint procedure for sex-based discrimination, harassment, and retaliation.

4.     The aforesaid training of managerial employees shall additionally include training on how to receive, investigate, or report to designated officials complaints of sex-based discrimination, harassment, and retaliation; and how to take preventive and corrective measures against sex-based discrimination, harassment and any subsequent retaliation.

5.     After the initial trainings described in Paragraphs 1 through 3 of this subsection, Defendants shall conduct annual training (every twelve (12) months thereafter for the term of this Decree) including: (1) a training on EEO laws, obligations of managers and supervisors on EEO compliance, its policy against and complaint procedure for sex-based discrimination, harassment, and retaliation for its managerial and human resources employees who have immediate

supervisory authority over Defendants' restaurants in the State of Hawaii; (2) a separate refresher training for its employees in its Kapa'a facility; and (3) informal briefings by General Managers for employees at other restaurants in the State of Hawaii.

6.    The training in this subsection may also include information about other laws prohibiting harassment or discrimination or other topics chosen by Defendants, however, the periods of time outlined in paragraphs C(1) - (3) must relate to the topics stated therein.

7.    For any employees who miss the scheduled training described in Paragraphs 1 and 2 of this subsection, the Defendants shall provide the opportunity to the employee to view a videotape of the scheduled training within thirty (30) days of the scheduled training.

8.    All employees required to attend such training described in Paragraphs 1 and 2 of this subsection shall verify their annual attendance in writing.

D.    Postings

Within sixty (60) business days after the Effective Date and throughout the term of this Decree, Defendants will post the notice (attached as Exhibit B (the "Notice")) of the terms of this Decree and the Revised Policy in clearly visible locations frequented by its employees at the Kapa'a, Hawaii facility.  The postings

will remain posted for the duration of this Decree. If Defendants observe that the Notice is covered, removed, defaced or otherwise altered, they will take action to replace the Notice, but the Defendants are not required to protect against or otherwise monitor any activity that results in the covering, removal, defacing or other alterations to the Notice. In the alternative, Defendants can disseminate the notice to each employee in the Kapa'a facility within sixty (60) days of the Effective Date and on an annual basis for the term of the Decree.

E.    Performance Evaluations for EEO Compliance

For the upcoming review cycle, Defendants will revise their performance evaluation forms for managers, supervisors, and human resource employees company-wide to include a measure for performance on compliance with policies as described in Section X.A.1.f., above.

F.    Equal Employment Opportunity Coordinator

Within one hundred twenty (120) days after the Effective Date, Vivian Lau, Executive Director of Human Resources, will be designated as Defendants' Equal Employment Opportunity Coordinator ("Coordinator"). For the term of the Decree, the Coordinator's responsibilities will include:

1.    ensuring that all employees in Hawaii, including supervisory, management, and human resource employees are trained or briefed pursuant to this Decree on their rights and responsibilities under Title VII and this Decree,

including the responsibility to provide a workplace free of sexual harassment, discrimination, and retaliation;

2.    ensuring that all employees in Hawaii, including supervisory, management, and human resource employees are trained or briefed pursuant to this Decree on Defendants' Revised Policy;

3.    monitoring any investigation of any complaint of sexual harassment, discrimination, or retaliation at the Kapa'a facility to ensure compliance with Title VII and this Decree;

4.    ensuring that Defendants properly communicate with Kapa'a complainants as required by this Decree;

5.    ensuring that Defendants create, for the Kapa'a facility, a centralized system of tracking sexual harassment, discrimination, or retaliation complaints, as required by this Decree;

6.    ensuring that Defendants' performance and discipline policies hold employees and managers accountable for failing to forward to Human Resources complaints of sexual harassment, discrimination, or retaliation, or for engaging in conduct prohibited under Title VII or this Decree;

7.    preparing a semi-annual report on Defendants' compliance this Decree; and

8.    ensuring that Defendants accurately compile and timely submit all reports by required this Decree.

## XI.  RECORD-KEEPING

The Coordinator will establish a record-keeping procedure that provides for the centralized tracking of sexual harassment, discrimination, and retaliation complaints at its facility in Kapa'a, Hawaii and the monitoring of such complaints to prevent retaliation.  The records to be maintained will include all documents and forms that:

A.    are generated in connection with any complaint, including documents relating to any investigation or resolution, and the names of all witnesses identified by the complainant or Defendants;

B.    acknowledge employees' receipt of Defendants' Revised Policy;

C.    verify the occurrence of all training sessions and names and positions of all attendees for each session as required under this Decree;

D.    are generated in connection with the monitoring, counseling, or disciplining of employees whom Defendants determined to have engaged in behavior that may be discriminatory, harassing, and/or retaliatory;

E.    are generated in connection with Defendants' confidential follow-up inquiries into whether any complainant believes he or she has been retaliated against; and

F.     are generated in connection with the establishment or review of performance evaluation measures for managers, supervisors, and human resource employees.

Defendants will make the aforementioned records available to the EEOC within ten (10) business days following a written request by the EEOC.

## XII.  REPORTING

The Defendants shall provide the following reports to the Commission in writing, by mail, or by facsimile:

1.     Within ninety (90) days after the Effective Date and semi-annually thereafter for the term of the Decree, the Defendants shall submit to the Commission the following:

a.     verification that the Notice has been posted in compliance with the Decree or, in the alternative, that the Notice has been disseminated to each employee in the Kapa'a facility in compliance with the Decree;

b.     its policy against and complaint procedure for sex-based discrimination, harassment, and retaliation after consultation with the EEO Coordinator in compliance with the Decree;

c.      verification that their current or revised policy and complaint procedure for sex-based discrimination, harassment, and retaliation have been distributed in compliance with the Decree;

d.      verification of the distribution to Defendants' employees of its policy against and complaint procedure for sex-based discrimination, harassment, and retaliation in compliance with the Decree;

e.      a copy of Defendants' training materials and schedule of training;

f.      verification that all applicable managerial and non-managerial employees have been trained in compliance with the Decree;

g.      the EIDs and/or redacted names (without signatures) on the acknowledgments of the employees who have been trained in compliance with the Decree;

i.      verification that a record keeping system has been established for the tracking of sex-based discrimination, harassment complaints;

j.      a summary report of their investigation into any complaint about sex-based discrimination, harassment, and/or retaliation for complaining about sex-based discrimination and/or harassment at its Kapa'a facility in Hawaii. The investigation report shall include the following for each complaint during the reporting period:

(1)    the name and title of the complaining party(ies);

(2)    the date of the complaint;

(3)    the name and title of the alleged harasser(s)/offender(s);

(4)    the name and title of the person(s) who conducted the investigation into the complaint;

(5)    the nature of the complaint (i.e. comments, acts, etc.)

(6)    the date of the commencement and completion of the investigation;

(7)    a brief description of the investigation (i.e. number of persons interviewed, materials reviewed);

(8)    the outcome of the investigation and any action taken; and

(9)    whether previous sex-based discrimination and/or harassment complaints had been made regarding the alleged harasser(s)/offender(s).  If so, the report should also include the outcome of the prior investigations.

2.    All reports under this Paragraph shall be directed to:  U.S. Equal Employment Opportunity Commission, Attn. Anna Y. Park, Regional Attorney, 255 E. Temple Street, 4th Floor, Los Angeles, CA 90012.

## XIII.  COSTS & FEES

A.    Each Party will bear its own costs of suit and attorneys' fees.

B.    Defendants will bear all costs associated with its administration and implementation of its obligations under this Decree.

## XIV.  MISCELLANEOUS PROVISIONS

A.    During the term of this Decree, Defendants will provide any potential successor-in-interest with a copy of this Decree within thirty (30) days prior to the execution of any agreement for acquisition or assumption of control of Defendants' facility in Kapa'a, or any other material change in corporate structure, and will simultaneously inform the EEOC of same.

B.    During the term of this Decree, Defendants and their successors will ensure that each of their owners, directors, officers, managers, supervisors, and human resource employees is aware of any term(s) of this Decree, whose obligations he or she is obligated to perform.

C.    Nothing in this Decree shall be deemed to create any rights on the part of non-parties to enforce this Decree.  The right to seek enforcement of the Decree is vested exclusively in the Parties.

D.     Nothing in this Decree, nor any statements, discussions, or communications, nor any materials prepared, exchanged, issued or used during the negotiations leading to this Decree, shall be admissible in any proceeding of whatever kind or nature as evidence of sex-based discrimination, harassment or retaliation or as a violation of the common law of any jurisdiction, or any federal, state, or local law.  Notwithstanding the foregoing, the Decree may be used by either Party in any proceeding in this Court to enforce or implement the Decree or any orders or judgments of this Court entered in conjunction with the Decree.

E.     All notices, reports, and correspondence required under this Decree will be delivered to Anna Y. Park, Regional Attorney, U.S. Equal Employment Opportunity Commission, Los Angeles District Office, 255 E. Temple St., 4th Fl., Los Angeles, CA 90012.

F.     The parties agree to entry of this Decree and order, subject to final approval by the Court.

## XV. COUNTERPARTS AND FACSIMILE SIGNATURES

This Decree may be signed in counterparts.  A facsimile signature will have the same force and effect of an original signature or copy thereof.

All parties, through their undersigned counsel, respectfully apply for and consent to the entry of this Decree as an Order of this Court.

SO ORDERED, this ____ day of _____, 2013.

BY THE COURT:

_____

Honorable Susan Oki Mollway
United States District Judge

BY CONSENT:

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

By: _____

Anna Park
Regional Attorney

Date: 5-28-13 _____

PANDA EXPRESS, INC.                    PANDA RESTAURANT GROUP, INC.

By: _____          By: _____

Name: Peggy Tsiang Cherng             Name: Peggy Tsiang Cherng

Title: Co-Chairperson & Co-CEO        Title: Co-Chairperson & Co-CEO

Date: 5/17/13 _____         Date: 5/17/13 _____

APPROVED AS TO FORM:

Steven W. Moore

Steven W. Moore
Ogletree, Deakins, Nash, Smoak &
Stewart, P.C.
1700 Lincoln Street, Suite 4650
Denver, CO 80203
Tel:  (303) 764-6800
Fax:  (303) 831-9246
Attorneys for Defendants



## ~~[PROPOSED]~~ ORDER

**GOOD CAUSE** having been shown, the provisions of the foregoing

Consent Decree are hereby approved and compliance with all provisions thereof is

fair and adequate.

**IT IS SO ORDERED.**

Date: _May 29, 2013_

Hon. Susan Oki Mollway
United States District Court Judge